## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GLENN E. ELLIS, | ) | CASE NO. 4:12CV3206 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT P. HOUSTON, Director | ) | |
| Nebraska Department of Correctional | ) | |
| Service, FRED BRITTEN, and JON | ) | |
| BURNING, Atty. Gen., | ) | |
| | ) | |
| Respondents. | ) | |

This matter is before the court on Petitioner Glen Ellis's "Motion for Stay of Proceedings" (Filing No. 17), which the court liberally construes as a request for a stay and abeyance of his federal habeas corpus petition.  A stay and abeyance of a federal habeas corpus petition is only appropriate in "limited circumstances."  *Rhines v. Weber*, 544 U.S. 269, 277 (2005).  A court may order a stay and abeyance only when there is good cause for the petitioner's failure to exhaust his claims in state court, the claims are not "plainly meritless," and the petitioner has not "engaged in intentionally dilatory litigation tactics." *Id.* at 277-278.

In Petitioner's Motion for Stay of Proceedings, he argues that the Nebraska Supreme Court recently decided a case that "significantly impacted the constitutionality of the Petitioner's criminal conviction" because it "broaden[ed] the scope of a citizen's right to stand and defend in and at their domicile." (Filing No. 17 at CM/ECF p. 1.)  Petitioner asks the court to stay these habeas proceedings so that he can file a successive motion for post-conviction relief in state court in order to "exhaust the constitutional claim." (*Id.* at CM/ECF p. 2.)  Petitioner alleges that he may file a successive motion for post-conviction

relief under Nebraska's Postconviction Relief Act, Neb. Rev. Stat. § 29-3001, because the Act "provides for successive petitions to be filed within one year of new case law which retroactively affects their convictions."  (*Id.* at CM/ECF p. 1.)

One of the factors required for issuance of a stay and abeyance is a showing by the petitioner of "good cause" for not first exhausting the claim in state court.  *Rhines*, 544 U.S. at 277.  Here, Petitioner did not identify which of the claims raised in his federal habeas corpus petition he now seeks to raise in a successive post-conviction motion in state court, let alone make any showing of "good cause" for failing to exhaust this claim in state court. Accordingly,

IT IS ORDERED:

1.    Petitioner's Motion for Stay of Proceedings (Filing No. 17) is denied without prejudice to reassertion within 30 days from the date of this Memorandum and Order;

2.    Should Petitioner choose to reassert a motion for stay of proceedings, he must clearly identify which unexhausted claim or claims he seeks to raise in a successive post-conviction motion in state court.  In addition, his motion must address the *Rhines* factors.  *See Rhines*, 544 U.S. at 277-288 (holding a court may order a stay and abeyance only when (1) there is good cause for the petitioner's failure to exhaust his claims in state court, (2) the claims are not "plainly meritless," and (3) the petitioner has not "engaged in intentionally dilatory litigation tactics");

3.    Respondents shall have 30 days to respond to Petitioner's reasserted motion for stay of proceedings, should Petitioner file one;

4.      The clerk's office is directed to set the following pro se case management deadline in this case: **September 5, 2013**: Deadline for Petitioner to reassert a motion to stay; enter final order on petition if no motion filed; and

5.      Petitioner's "Objection to Answer" (Filing No. 13) is denied.  Respondents' Answer and supporting Brief comply with the court's order from October 31, 2012, setting forth the procedures for filing an answer and brief.

DATED this 5ᵗʰ day of August, 2013.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.